Terry D. Avchen, State Bar No. 75729
tavchen@glaserweil.com
Aaron P. Allan, State Bar No. 144406
aallan@glaserweil.com
GLASER, WEIL, FINK, JACOBS,
HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Heather Skinazi, State Bar No. 190530
Heather_Skinazi@oxy.com
Occidental Petroleum Corporation
10889 Wilshire Boulevard
Los Angeles, CA 90024
Telephone: (310) 443-6127
Facsimile: (310) 443-6333
Attorneys for Plaintiff Vintage Petroleum, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| VINTAGE PETROLEUM, LLC, a limited liability company under the laws of the State of Delaware,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an Illinois corporation, and GREKA OIL & GAS, INC., a Colorado corporation doing business under the laws of the State of California, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:09-cv-02628-DDP-SS<br><br>Hon. Dean D. Pregerson [Dept. 3]<br><br>**ANSWER OF VINTAGE PETROLEUM, LLC TO COUNTERCLAIM FILED BY AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY**<br><br>Complaint Filed: November 5, 2008 |

680247

1

**ANSWER OF VINTAGE PETROLEUM, LLC TO COUNTERCLAIM**

Plaintiff and Counterdefendant Vintage Petroleum, LLC ("Vintage") hereby answers the allegations contained in the counterclaim filed and served in this action by American International Specialty Lines Insurance Company ("AISLIC") on June 17, 2009 (the "Counterclaim"), as follows:

1. Answering paragraph 62 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 62 accurately quote the terms of the AISLIC Policy.

**The Disputes In The Underlying Action**

2. Answering paragraph 63 of the Counterclaim, Vintage admits the allegations.

3. Answering paragraph 64 of the Counterclaim, Vintage admits that the Underlying Action arises out of oil and gas leases to which the underlying plaintiffs were parties with Vintage, and which leases were assigned by Vintage to Greka, and Vintage admits that the underlying plaintiffs sought damages and other relief associated with alleged environmental contamination on the property subject to the oil and gas leases. Except as thus expressly admitted, Vintage denies generally and specifically the remaining allegations contained therein.

4. Answering paragraph 65 of the Counterclaim, Vintage admits the allegations.

5. Answering paragraph 66 of the Counterclaim, Vintage admits that Wells Fargo Bank, N.A., and Union Bank of California, N.A. have alleged in the Underlying Action that they are trustees under certain trusts which hold certain real property interests in the Cat Canyon Property, which are more particularly described in the Underlying Action. Except as thus expressly admitted, Vintage denies generally and specifically the remaining allegations contained therein.

6. Answering paragraph 67 of the Counterclaim, Vintage admits the allegations.

1   7.   Answering paragraph 68 of the Counterclaim, Vintage admits that the underlying plaintiffs have alleged that the terms of the Cat Canyon Leases prohibited Vintage from assigning the Cat Canyon Leases without the consent of the Trustees. Except as thus expressly admitted, Vintage denies generally and specifically the remaining allegations contained therein.

8.   Answering paragraph 69 of the Counterclaim, Vintage admits the allegations.

9.   Answering paragraph 70 of the Counterclaim, Vintage admits the allegations.

10.   Answering paragraph 71 of the Counterclaim, Vintage admits the allegations.

11.   Answering paragraph 72 of the Counterclaim, Vintage admits the allegations.

12.   Answering paragraph 73 of the Counterclaim, Vintage admits the allegations.

13.   Answering paragraph 74 of the Counterclaim, Vintage admits the allegations.

14.   Answering paragraph 75 of the Counterclaim, Vintage admits the allegations.

15.   Answering paragraph 76 of the Counterclaim, Vintage lacks sufficient information to either admit or deny the allegations.

16.   Answering paragraph 77 of the Counterclaim, Vintage admits that Greka began to occupy the Cat Canyon Leases without the consent of Wells Fargo. Except as thus expressly admitted, Vintage denies generally and specifically the remaining allegations contained therein.

17.   Answering paragraph 78 of the Counterclaim, Vintage admits that its assignment of the Cat Canyon Leases to Greka was recorded by the County of Santa

1  Barbara on July 15, 2002. Except as thus expressly admitted, Vintage denies
2  generally and specifically the remaining allegations contained therein.
3         18.   Answering paragraph 79 of the Counterclaim, Vintage admits that Greka
4  agreed to indemnify Vintage for any claim based upon a failure to obtain a consent to
5  assignment of certain leases, including the Cat Canyon Leases, and that Greka also
6  agreed to assume all responsibility for any clean-up operations required at the Cat
7  Canyon Property. Except as thus expressly admitted, Vintage denies generally and
8  specifically the remaining allegations contained therein.
9         19.   Answering paragraph 80 of the Counterclaim, Vintage admits the
10 allegations.
11        20.   Answering paragraph 81 of the Counterclaim, Vintage admits that the
12 Trustees issued a Notice of Termination of the Cat Canyon Leases in March 2003.
13 Except as thus expressly admitted, Vintage denies generally and specifically the
14 remaining allegations contained therein.

**The AISLIC Policy**

16        21.   Answering paragraph 82 of the Counterclaim, Vintage lacks sufficient
17 information either to admit or deny the allegations.
18        22.   Answering paragraph 83 of the Counterclaim, Vintage lacks sufficient
19 information either to admit or deny the allegations.
20        23.   Answering paragraph 84 of the Counterclaim, Vintage lacks sufficient
21 information either to admit or deny the allegations.
22        24.   Answering paragraph 85 of the Counterclaim, Vintage is informed and
23 believes that Greka was aware, as of December 19, 2001, of environmental
24 contamination on the Cat Canyon Property. Vintage lacks sufficient information
25 either to admit or deny the remaining allegations contained therein.
26        25.   Answering paragraph 86 of the Counterclaim, Vintage admits the
27 allegations.
28

680247

4

**ANSWER OF VINTAGE PETROLEUM, LLC TO COUNTERCLAIM**

26. Answering paragraph 87 of the Counterclaim, Vintage admits the allegations.

27. Answering paragraph 88 of the Counterclaim, Vintage admits that the AISLIC Policy provides a list of "Insured Property(s)" which includes a reference to "CAT CANYON FIELD." Except as thus expressly admitted, Vintage denies generally and specifically the remaining allegations contained therein, and states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court.

28. Answering paragraph 89 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 89 accurately quote the terms of the AISLIC Policy.

29. Answering paragraph 90 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 90 accurately quote the terms of the AISLIC Policy.

30. Answering paragraph 91 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 91 accurately quote the terms of the AISLIC Policy.

31. Answering paragraph 92 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 92 accurately quote the terms of the AISLIC Policy.

32. Answering paragraph 93 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 93 accurately quote the terms of the AISLIC Policy.

33. Answering paragraph 94 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 94 accurately quote the terms of the AISLIC Policy.

34. Answering paragraph 95 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 95 accurately quote the terms of the AISLIC Policy.

35. Answering paragraph 96 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 96 accurately quote the terms of the AISLIC Policy.

36. Answering paragraph 97 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 97 accurately quote the terms of the AISLIC Policy.

37. Answering paragraph 98 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 98 accurately quote the terms of the AISLIC Policy.

38. Answering paragraph 99 of the Counterclaim, Vintage admits the allegations.

39. Answering paragraph 100 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 100 accurately quote the terms of the AISLIC Policy.

40. Answering paragraph 101 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and

contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 101 accurately quote the terms of the AISLIC Policy.

41. Answering paragraph 102 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 102 accurately quote the terms of the AISLIC Policy.

42. Answering paragraph 103 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 103 accurately quote the terms of the AISLIC Policy.

43. Answering paragraph 104 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 104 accurately quote the terms of the AISLIC Policy.

44. Answering paragraph 105 of the Counterclaim, Vintage admits the allegations.

45. Answering paragraph 106 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 106 accurately quote the terms of the AISLIC Policy.

46. Answering paragraph 107 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 107 accurately quote the terms of the AISLIC Policy.

47. Answering paragraph 108 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 108 accurately quote the terms of the AISLIC Policy.

48. Answering paragraph 109 of the Counterclaim, Vintage states that the terms of the AISLIC Policy speak for themselves, and refers all issues of law and contract construction to the Court. Accordingly, Vintage denies that the allegations of paragraph 109 accurately quote the terms of the AISLIC Policy.

49. Answering paragraph 110 of the Counterclaim, Vintage denies generally and specifically the allegations.

**The Trustees' Claims Against Greka And Vintage In The Underlying Action**

50. Answering paragraph 111 of the Counterclaim, Vintage admits that the underlying plaintiffs sought damages and other relief associated with alleged environmental contamination on the Cat Canyon Property and a termination of the Cat Canyon Leases. Except as thus expressly admitted, Vintage denies generally and specifically the remaining allegations contained therein.

51. Answering paragraph 112 of the Counterclaim, Vintage admits that the Trustees' complaint alleged that the 2001 assignment of the Cat Canyon Leases from Vintage to Greka constituted a default and material breach of the Cat Canyon Leases. Except as thus expressly admitted, Vintage denies generally and specifically the remaining allegations contained therein.

52. Answering paragraph 113 of the Counterclaim, Vintage admits the allegations.

53. Answering paragraph 114 of the Counterclaim, Vintage admits the allegations.

54. Answering paragraph 115 of the Counterclaim, Vintage admits the Trustees claimed that contaminated soil on the Cat Canyon Property was being maintained at the Cat Canyon Property in violation of laws prohibiting the discharge of petroleum, petroleum products, hazardous substances, and industrial wastes from manufacturing facilities into a location in which they will or could endanger waters of the state. Vintage further admits that the Trustees have claimed that many of the discharges of petroleum, petroleum products, and other hazardous substances on the

1  Cat Canyon Property were unlawful at the time such discharges occurred. Except as
2  thus expressly admitted, Vintage denies generally and specifically the remaining
3  allegations contained therein.
4      55. Answering paragraph 116 of the Counterclaim, Vintage admits the
5  allegations.
6      56. Answering paragraph 117 of the Counterclaim, Vintage admits that the
7  Trustees claimed in their fourth cause of action that Greka and/or Vintage had created
8  a permanent nuisance on the Cat Canyon Property and have sought damages and other
9  relief based on such claim. Except as thus expressly admitted, Vintage denies
10 generally and specifically the remaining allegations contained therein.
11     57. Answering paragraph 118 of the Counterclaim, Vintage admits the
12 allegations.
13     58. Answering paragraph 119 of the Counterclaim, Vintage admits the
14 allegations.
15     59. Answering paragraph 120 of the Counterclaim, Vintage admits the
16 allegations.
17     60. Answering paragraph 121 of the Counterclaim, Vintage admits the
18 allegations.
19     61. Answering paragraph 122 of the Counterclaim, Vintage admits the
20 allegations.
21     62. Answering paragraph 123 of the Counterclaim, Vintage admits the
22 allegations.
23     63. Answering paragraph 124 of the Counterclaim, Vintage admits the
24 allegations.
25 **The Settlement Of The Underlying Action**
26     64. Answering paragraph 125 of the Counterclaim, Vintage admits that
27 Vintage and Greka each independently entered into settlement agreements with
28 plaintiffs in the Underlying Action, resulting in a dismissal of that action. Except as

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

thus expressly admitted, Vintage denies generally and specifically the remaining allegations contained therein.

65. Answering paragraph 126 of the Counterclaim, Vintage admits the allegations.

## FIRST COUNT AGAINST GREKA AND VINTAGE

66. Answering paragraph 127 of the Counterclaim, Vintage incorporates its answers from paragraphs 1 through 65 above.

67. Answering paragraph 128 of the Counterclaim, Vintage is informed and believes that Greka disclosed environmental contamination that existed on the Cat Canyon Property to AISLIC prior to the effective date of the AISLIC Policy, and on that basis denies the allegation.

68. Answering paragraph 129 of the Counterclaim, Vintage states that paragraph 129 sets forth a legal conclusion requiring no response. To the extent that paragraph sets forth any factual allegations, Vintage is informed and believes that Greka disclosed environmental contamination that existed on the Cat Canyon Property to AISLIC prior to the effective date of the AISLIC Policy, and on that basis denies the allegation.

69. Answering paragraph 130 of the Counterclaim, Vintage is informed and believes that Greka disclosed environmental contamination that existed on the Cat Canyon Property to AISLIC prior to the effective date of the AISLIC Policy, and on that basis denies the allegation.

70. Answering paragraph 131 of the Counterclaim, Vintage states that paragraph 131 sets forth a legal conclusion requiring no response. To the extent that paragraph 131 sets forth any factual allegations, Vintage is informed and believes that Greka disclosed environmental contamination that existed on the Cat Canyon Property to AISLIC prior to the effective date of the AISLIC Policy, and on that basis denies the allegation.

1  71.  Answering paragraph 132 of the Counterclaim, Vintage states that paragraph 132 sets forth a legal conclusion requiring no response, and on that basis denies the allegation.

## SECOND COUNT AGAINST GREKA AND VINTAGE

72.  Answering paragraph 133 of the Counterclaim, Vintage incorporates its answers from paragraphs 1 through 71 above.

73.  Answering paragraph 134 of the Counterclaim, Vintage states that paragraph 134 sets forth a legal conclusion requiring no response, and on that basis denies the allegations.

74.  Answering paragraph 135 of the Counterclaim, Vintage states that paragraph 135 sets forth a legal conclusion requiring no response, and on that basis denies the allegations.

## THIRD COUNT AGAINST GREKA AND VINTAGE

75.  Answering paragraph 136 of the Counterclaim, Vintage incorporates its answers from paragraphs 1 through 74 above.

76.  Answering paragraph 137 of the Counterclaim, Vintage states that paragraph 137 sets forth a legal conclusion requiring no response, and on that basis denies the allegations.

77.  Answering paragraph 138 of the Counterclaim, Vintage states that paragraph 138 sets forth a legal conclusion requiring no response, and on that basis denies the allegations.

## FOURTH COUNT AGAINST GREKA AND VINTAGE

78.  Answering paragraph 139 of the Counterclaim, Vintage incorporates its answers from paragraphs 1 through 77 above.

79.  Answering paragraph 140 of the Counterclaim, Vintage states that paragraph 140 sets forth a legal conclusion requiring no response. To the extent that paragraph 140 sets forth any factual allegations, Vintage lacks sufficient information either to admit or deny the allegations, and on that basis denies the allegations.

80. Answering paragraph 141 of the Counterclaim, Vintage states that paragraph 141 sets forth a legal conclusion requiring no response. To the extent that paragraph 141 sets forth any factual allegations, Vintage denies that it breached or violated any conditions or limitations set forth in the AISLIC Policy, and lacks sufficient information either to admit or deny whether there was such a breach or violation by Greka, and on that basis denies the allegations.

### FIFTH COUNT AGAINST GREKA AND VINTAGE

81. Answering paragraph 142 of the Counterclaim, Vintage incorporates its answers from paragraphs 1 through 80 above.

82. Answering paragraph 143 of the Counterclaim, Vintage states that paragraph 143 sets forth a legal conclusion requiring no response, and on that basis denies the allegations.

83. Answering paragraph 144 of the Counterclaim, Vintage states that paragraph 144 sets forth a legal conclusion requiring no response, and on that basis denies the allegations.

### SIXTH COUNT AGAINST GREKA AND VINTAGE

84. Answering paragraph 145 of the Counterclaim, Vintage incorporates its answers from paragraphs 1 through 83 above.

85. Answering paragraph 146 of the Counterclaim, Vintage states that paragraph 146 sets forth a legal conclusion requiring no response, and on that basis denies the allegations.

WHEREFORE, VINTAGE denies that AISLIC is entitled to the relief requested in the Counterclaim.

### AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

86. The Counterclaim is barred by the doctrine of laches.

**SECOND AFFIRMATIVE DEFENSE**

87.  The Counterclaim is barred by the doctrine of waiver.

**THIRD AFFIRMATIVE DEFENSE**

88.  The Counterclaim is barred by the doctrine of ratification.

**FOURTH AFFIRMATIVE DEFENSE**

89.  The Counterclaim is barred based on AISLIC's breaches of the AISLIC Policy.

**FIFTH AFFIRMATIVE DEFENSE**

86.  The Counterclaim is barred by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

86.  The Counterclaim is barred by applicable statutes of limitation.

WHEREFORE, VINTAGE prays that AISLIC take nothing by reason of its Counterclaim, that judgment be entered in favor of VINTAGE on its complaint, that VINTAGE be awarded it costs of suit incurred in defense of AISLIC's Counterclaim, and for such other relief as the Court deems proper.

Dated:  July 6, 2009

GLASER, WEIL, FINK, JACOBS, HOWARD
 & SHAPIRO, LLP

By: _____
Aaron P. Allan
Attorney for Plaintiff Vintage Petroleum, LLC

680247

13

**ANSWER OF VINTAGE PETROLEUM, LLC TO COUNTERCLAIM**

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On July 6, 2009, I served the foregoing document(s) described as:

**ANSWER OF VINTAGE PETROLEUM, LLC TO COUNTERCLAIM**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**See Attached Service List**

[X] **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

[ ] **(BY OVERNIGHT DELIVERY SERVICE)** I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

[ ] **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

[X] **(E-MAIL)** I caused such documents to be delivered via e-mail to the following **e-mail address:** See Attached Service List

Executed this 6th day of July, 2009 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_/s/ Cheree Castille_
CHEREE CASTILLE

680247

14

**ANSWER OF VINTAGE PETROLEUM, LLC TO COUNTERCLAIM**

# SERVICE LIST

David A. Ring, Esq.
david.ring@sdma.com
**SEDGWICK, DETERT, MORAN &
ARNOLD, LLP**
801 South Figueroa St., 19th Floor
Los Angeles, CA 90017-5556
Phone: (213) 426-6900
Attorneys for Defendant AMERICAN INTERNATIONAL
SPECIALTY LINES INSURANCE COMPANY


J Gregory Lahr, Esq.
gregory.lahr@sdma.com
**SEDGWICK DETERT MORAN
& ARNOLD LLP**
125 Broad Street 39th Floor
New York, NY 10004-2400
Phone: 212-422-2202
Attorneys for Defendant AMERICAN INTERNATIONAL
SPECIALTY LINES INSURANCE COMPANY


Michael J. Bidart, Esq.
**SHERNOFF, BIDART, DARRAS
& ECHEVERRIA LLP**
600 South Indian Hill Blvd.
Claremont, CA 91711
Phone: 909 621-4935
Fax: 909 625-6915
Attorneys for Defendant GREKA OIL & GAS, INC.