1  MICHAEL J. BIDART #60582
2  RICARDO ECHEVERRIA #166049
   **SHERNOFF BIDART**
3  **DARRAS ECHEVERRIA, LLP**
4  600 South Indian Hill Boulevard
   Claremont, CA  91711
5  Telephone: (909) 621-4935
6  Facsimile:  (909) 625-6915

7
8  Attorneys for Defendant & Cross-Claimant,
   GREKA OIL & GAS, INC.
9

10              **UNITED STATES DISTRICT COURT**

11   **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

12  VINTAGE PETROLEUM, LLC, a          Case No.:  2:09-cv-02628-DDP-SS
    limited liability company under the   [Hon. Judge Dean E. Pregerson –
13  law of the State of Delaware,          Dept. 3]

14
            Plaintiff,                     **DEFENDANT GREKA OIL &**
15      vs.                                **GAS, INC.'S ANSWER TO**
                                           **DEFENDANT AMERICAN**
16                                         **INTERNATIONAL SPECIALITY**
17  AMERICAN INTERNATIONAL                 **LINES INSURANCE COMPANY'S**
    SPECIALITY LINES INSURANCE,            **CROSSCLAIM**
18  an Illinois Corporation; GREKA OIL
19  & GAS, INC., A Colorado
    Corporation doing business under
20  the laws of the State of California,
21  DOES 1 through 20, inclusive,

22          Defendant.
23  _____
24  GREKA OIL & GAS, INC.,
25          Cross-Complainant,
26      vs.
27
    AMERICAN INTERNATIONAL
28  SPECIALITY LINES INSURANCE,

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

an Illinois Corporation; and, DOES
1 through 20, inclusive,

Cross-Defendants.

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant GREKA OIL & GAS, INC. ("GREKA") answers Defendant AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY's ("AISLIC") crossclaim against GREKA ("Crossclaim") which begins at paragraph 60 page 11 of AISLIC's answer, counterclaim, crossclaim and demand for jury trial as follows:

60.    Paragraph 60 of the Crossclaim does not pertain to GREKA, and therefore, does not need to be specifically admitted or denied by GREKA.  To the extent that a response is necessary, GREKA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 60 of the Crossclaim.

61.    In response to Paragraph 61 of the Crossclaim, GREKA admits that AISLIC is making the allegations set forth in this Paragraph.

62.    GREKA admits the allegations contained in Paragraph 62 of the Crossclaim that the AISLIC Policy provided coverage for the clean up of pre-existing and/or new pollution conditions on certain insured properties listing in the Policy, and indemnity for property damage resulting from pollution conditions on or under those properties.

**The Disputes In the Underlying Action**

63.    GREKA admits the allegations contained in Paragraph 63 of the Crossclaim that GREKA was sued in an action entitled <u>Wells Fargo Bank, N.A. v. Vintage Petroleum, Inc.</u>, pending in the Superior Court of California, County of Santa Barbara, Case No. 1155864 ("Underlying Action").

///

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

GREKA OIL & GAS, INC.'S ANSWER TO CROSSCLAIM OF
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

64.    GREKA admits the allegations contained in Paragraph 64 of the Crossclaim concerning the nature of the Underlying Action were allegations made in the Underlying action.

65.    GREKA admits the allegations contained in Paragraph 65 of the Crossclaim.

66.    GREKA admits the allegations contained in Paragraph 66 of the Crossclaim were allegations made in the Underlying Action.

67.    GREKA admits the allegations contained in Paragraph 67 of the Crossclaim were allegations made in the Underlying Action.

68.    GREKA admits the allegations contained in Paragraph 68 of the Crossclaim were allegations made in the Underlying Action.

69.    GREKA admits the allegations contained in Paragraph 69 of the Crossclaim were allegations made in the Underlying Action.

70.    GREKA admits the allegations contained in Paragraph 70 of the Crossclaim were allegations made in the Underlying Action.

71.    GREKA admits the allegations contained in Paragraph 71 of the Crossclaim were allegations made in the Underlying Action.

72.    GREKA admits the allegations contained in Paragraph 72 of the Crossclaim were allegations made in the Underlying Action.

73.    GREKA admits the allegations contained in Paragraph 73 of the Crossclaim were allegations made in the Underlying Action.

74.    GREKA admits the allegations contained in Paragraph 74 of the Crossclaim were allegations made in the Underlying Action.

75.    GREKA admits the allegations contained in Paragraph 75 of the Crossclaim were allegations made in the Underlying Action.

76.    GREKA admits the allegations contained in Paragraph 76 of the Crossclaim were allegations made in the Underlying Action.

///

GREKA OIL & GAS, INC.'S ANSWER TO CROSSCLAIM OF
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

77.     GREKA admits the allegations contained in Paragraph 77 of the Crossclaim were allegations made in the Underlying Action.

78.     GREKA admits the allegations contained in Paragraph 78 of the Crossclaim were allegations made in the Underlying Action.

79.     GREKA admits the allegations contained in Paragraph 79 of the Crossclaim were allegations made in the Underlying Action.

80.     GREKA admits the allegations contained in Paragraph 80 of the Crossclaim were allegations made in the Underlying Action.

81.     GREKA admits the allegations contained in Paragraph 81 of the Crossclaim were allegations made in the Underlying Action.

**The AISLIC Policy**

82.     GREKA admits the allegations contained in Paragraph 82 of the Crossclaim.

83.     In response to Paragraph 83 of the Crossclaim, GREKA admits that on the Pollution Legal Liability Application, in response to question number 5, paragraph D, which asked, "At the time of the signing of this application, do you know of any facts or circumstances which may reasonably be expected to result in a claim or claims being asserted against your company for environmental cleanup or response, or for bodily injury or property damage arising from the release of pollutants into the environment?" GREKA checked the box "No."

84.     GREKA admits the allegations contained in Paragraph 84 of the Crossclaim.

85.     GREKA denies the allegations contained in Paragraph 85 of the Crossclaim.

86.     GREKA admits the allegations contained in Paragraph 86 of the Crossclaim.

///

GREKA OIL & GAS, INC.'S ANSWER TO CROSSCLAIM OF
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

87.    GREKA admits the allegations contained in Paragraph 87 of the Crossclaim.

88.    GREKA admits the allegations contained in Paragraph 88 of the Crossclaim.

89.    GREKA denies the allegations contained in Paragraph 89 of the Crossclaim, but admits that under Endorsement No. 2 of the AISLIC Policy VINTAGE PETROLEUM, INC., ("VINTAGE"), was named as an additional insured as follows:

"1.    Solely to the additional insured's liability arising out of the Named Insured's ownership operation, maintenance or use of Insured Property(s) and

2.    Only if the additional insured is named in a suit as a co-defendant with the Named Insured, alleging the additional insured is liable on the basis described in paragraph 1 above."

90.    GREKA denies the allegations contained in Paragraph 90 of the Crossclaim, but admits the allegation contained in Paragraph 90 of the Crossclaim that the AISLIC Policy contains "Coverages A to L."

91.    GREKA denies the allegations contained in Paragraph 91 of the Crossclaim, but admits Coverage "A" of the AISLIC Policy states:

"1.    **To pay on behalf of the Insured, Clean-Up Costs resulting from Pollution Conditions on or under the Insured Property that commenced prior to the Continuity Date**, if such Pollution Conditions are discovered by the Insured during the Policy Period, provided:

(a)    **The discovery of such Pollution Conditions is reported to the Company in writing as soon as possible after discovery by the Insured and in any event during the Policy Period** in accordance with Section III of the Policy.

Discovery of Pollution Conditions happens when a responsible

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

1   Insured becomes aware of Pollution Conditions.

2   (b)   Where required, such Pollution Conditions have been reported
    to the appropriate governmental agency in substantial

3   compliance with applicable Environmental Laws in effect as of
    the date of discovery." (Emphasis in original)

4

5   92.   GREKA denies the allegations contained in Paragraph 92 of the

6   Crossclaim, but admits Coverage "A" of the AISLIC Policy states:

7   "1.   **To pay on behalf of the Insured, Clean-Up Costs resulting**

8   **from Pollution Conditions on or under the Insured Property that**
    **commenced prior to the Continuity Date**, if such Pollution

9   Conditions are discovered by the Insured during the Policy Period,

10  provided:

11  (a)   **The discovery of such Pollution Conditions is reported to**

12  **the Company in writing as soon as possible after discovery**
    **by the Insured and in any event during the Policy Period** in

13  accordance with Section III of the Policy.

14

15  Discovery of Pollution Conditions happens when a responsible

16  Insured becomes aware of Pollution Conditions.

    (b)   Where required, such Pollution Conditions have been reported
17  to the appropriate governmental agency in substantial
    compliance with applicable Environmental Laws in effect as of

18  the date of discovery." (Emphasis in original)

19

20  93.   GREKA denies the allegations contained in Paragraph 93 of the

21  Crossclaim, but admits Coverage "B" of the AISLIC Policy states:

22  "1.   To pay on behalf of the Insured, Clean-Up Costs resulting from

23  Pollution Conditions on or under the Insured Property that
    commenced on or after the Continuity Date, if such Pollution

24  Conditions are discovered by the Insured during the Policy

25  Period, provided:

26  (a)   **The discovery of such Pollution Conditions is reported to**

27  **the Company in writing as soon as possible after discovery**
    **by the Insured and in any event during the Policy Period** in

28  accordance with Section III of the Policy.

- 6 -

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

Discovery of Pollution Conditions happens when a responsible Insured becomes aware of Pollution Conditions.

(b)    Where required, such Pollution Conditions have been reported to the appropriate governmental agency in substantial compliance with applicable Environmental Laws in effect as of the date of discovery."  (Emphasis in original)

94.    GREKA denies the allegations contained in Paragraph 94 of the Crossclaim, but admits Coverage "B" of the AISLIC Policy states:

"1.    To pay on behalf of the Insured, Clean-Up Costs resulting from Pollution Conditions on or under the Insured Property that commenced on or after the Continuity Date, if such Pollution Conditions are discovered by the Insured during the Policy Period, provided:

(a)    **The discovery of such Pollution Conditions is reported to the Company in writing as soon as possible after discovery by the Insured and in any event during the Policy Period** in accordance with Section III of the Policy.

Discovery of Pollution Conditions happens when a responsible Insured becomes aware of Pollution Conditions.

(b)    Where required, such Pollution Conditions have been reported to the appropriate governmental agency in substantial compliance with applicable Environmental Laws in effect as of the date of discovery."  (Emphasis in original)

95.    GREKA denies the allegations contained in Paragraph 95 of the Crossclaim, but admits Coverage "C" of the AISLIC Policy states:

"To pay on behalf of the Insured, Loss that the Insured becomes legally obligated to pay as a result of the Claims for Bodily Injury or Property Damage resulting from Pollution Conditions on or under the Insured Property, if such Bodily Injury or Property Damage takes place while the person injured or property damages is on the Insured

GREKA OIL & GAS, INC.'S ANSWER TO CROSSCLAIM OF
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

Property, provided such Claims are first made against the Insured and reported to the Company in writing during the Policy Period, or during the Extended Reporting Period if Applicable."

96.    GREKA denies the allegations contained in Paragraph 96 of the Crossclaim, but at admits that Coverages D, E, and F of the AISLIC Policy pertain to off-site clean-up costs and property damage and GREKA further admits that Coverages G, H, I, and J do not apply to the AISLIC Policy.

97.    GREKA denies the allegations contained in Paragraph 97 of the Crossclaim, but admits that under the AISLIC Policy, GREKA was entitled to be paid costs in excess of a $1,198,400 self-insured retention which GREKA incurred for the clean-up of pollutants identified in the "Remedial Plan" under Endorsement No. 4 of the AISLIC Policy defined as the "Environmental Schedule" dated July 9, 2001, and/or in the email entitled "Well [Abandonment] Program" dated August 2, 2001.

98.    GREKA denies the allegations contained in Paragraph 98 of the Crossclaim, but admits that Coverage L ""Unknown Pollutants"" of the AISLIC Policy states:

> "**To pay on behalf of the Insured, Clean-Up Costs in excess of the Self-Insured Retention that the Insured incurs for the Clean-Up of Pollutants identified in the Remedial Plan.** For this coverage to apply:
>
> 1.    The Pollutants must be first discovered pursuant to the execution of the Remedial Plan;
>
> 2.    The Pollutants must originate from an Insured Property;
>
> 3.    The Insured, must report, in accordance with Section IV. Paragraph B.4, the discovery of Pollutants different from those identified in the Remedial Plan to the Company as soon as practicable after discovery of such Pollutants and in any event included in the submission of the next scheduled Clean-Up Cost Progress Report and during the Policy Period;

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

4. The Named Insured must timely and routinely report the Clean-Up Costs to the Company prior to the Termination Date. (Emphasis in original)

99. GREKA denies the allegations contained in Paragraph 99 of the Crossclaim, but admits the AISLIC Policy contained exclusions.

100. GREKA denies the allegations contained in Paragraph 100 of the Crossclaim.

101. GREKA denies the allegations contained in Paragraph 101 of the Crossclaim.

102. GREKA denies the allegations contained in Paragraph 102 of the Crossclaim.

103. GREKA denies the allegations contained in Paragraph 103 of the Crossclaim.

104. GREKA denies the allegations contained in Paragraph 104 of the Crossclaim.

105. GREKA denies the allegations contained in Paragraph 105 of the Crossclaim, but admits that there are conditions under the AISLIC Policy.

106. GREKA denies the allegations contained in Paragraph 106 of the Crossclaim.

107. GREKA denies the allegations contained in Paragraph 107 of the Crossclaim.

108. GREKA denies the allegations contained in Paragraph 108 of the Crossclaim.

109. GREKA denies the allegations contained in Paragraph 109 of the Crossclaim.

110. GREKA denies the allegations contained in Paragraph 110 of the Crossclaim.

- 9 -

**The Trustees' Claims Against Greka and Vintage In The Underlying Action**

111.  GREKA admits the allegations contained in Paragraph 111 of the Crossclaim were remedies sought in the Underlying Action.

112.  GREKA admits the allegations contained in Paragraph 112 of the Crossclaim were allegations made in the Underlying Action.

113.  GREKA admits the allegations contained in Paragraph 113 of the Crossclaim were allegations made in the Underlying Action.

114.  GREKA admits the allegations contained in Paragraph 114 of the Crossclaim were allegations made in the Underlying Action.

115.  GREKA admits the allegations contained in Paragraph 115 of the Crossclaim were claims made in the Underlying Action.

116.  GREKA admits the allegations contained in Paragraph 116 of the Crossclaim were allegations made in the Underlying Action.

117.  GREKA admits the allegations contained in Paragraph 117 of the Crossclaim were allegations made in the Underlying Action.

118.  GREKA admits the allegations contained in Paragraph 118 of the Crossclaim were allegations made in the Underlying Action.

119.  GREKA admits the allegations contained in Paragraph 119 of the Crossclaim were allegations made in the Underlying Action.

120.  GREKA admits the allegations contained in Paragraph 120 of the Crossclaim were allegations made in the Underlying Action.

121.  GREKA admits the allegations contained in Paragraph 121 of the Crossclaim were allegations made in the Underlying Action.

122.  GREKA admits the allegations contained in Paragraph 122 of the Crossclaim were allegations made in the Underlying Action.

123.  GREKA admits the allegations contained in Paragraph 123 of the Crossclaim were allegations made in the Underlying Action.

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

GREKA OIL & GAS, INC.'S ANSWER TO CROSSCLAIM OF
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

124.  GREKA admits the allegations contained in Paragraph 124 of the Crossclaim were allegations made in the Underlying Action.

**The Settlement Of The Underlying Action**

125.  GREKA admits the allegations contained in Paragraph 125 of the Crossclaim.

126.  GREKA admits the allegations contained in Paragraph 126 of the Crossclaim.

## FIRST COUNT AGAINST GREKA AND VINTAGE

127.  In response to Paragraph 127 of the Crossclaim, GREKA repeats and realleges its responses to Paragraphs 60 through 126 of the Crossclaim as if fully set forth herein.

128.  GREKA denies the allegations contained in Paragraph 128 of the Crossclaim.

129.  GREKA denies the allegations contained in Paragraph 129 of the Crossclaim.

130.  GREKA denies the allegations contained in Paragraph 130 of the Crossclaim.

131.  GREKA denies the allegations contained in Paragraph 131 of the Crossclaim.

132.  GREKA denies the allegations contained in Paragraph 132 of the Crossclaim.

## SECOND COUNT AGAINST GREKA AND VINTANGE

133.  In response to Paragraph 133 of the Crossclaim, GREKA repeats and reallages its responses to Paragraphs 60 through 132 of the Crossclaim as if fully set forth herein.

134.  GREKA denies the allegations contained in Paragraph 134 of the Crossclaim.

///

GREKA OIL & GAS, INC.'S ANSWER TO CROSSCLAIM OF
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

SHERNOFF BIDART
DARRAS ECHEVERRIA℠
LAWYERS FOR INSURANCE POLICYHOLDERS

1    135.  GREKA denies the allegations contained in Paragraph 135 of
2    the Crossclaim.

3    **THIRD COUNT AGAINST GREKA AND VINTAGE**

4    136.  In response to Paragraph 136 of the Crossclaim, GREKA
5    repeats and reallages its responses to Paragraphs 60 through 135 of the
6    Crossclaim as if fully set forth herein.

7    137.  GREKA denies the allegations contained in Paragraph 137 of
8    the Crossclaim.

9    138.  GREKA denies the allegations contained in Paragraph 138 of
10   the Crossclaim.

11   **FOURTH COUNT AGAINST GREKA AND VINTAGE**

12   139.  In response to Paragraph 139 of the Crossclaim, GREKA
13   repeats and reallages its responses to Paragraphs 60 through 138 of the
14   Crossclaim as if fully set forth herein.

15   140.  GREKA denies the allegations contained in Paragraph 140 of
16   the Crossclaim.

17   141.  GREKE denies the allegations contained in Paragraph 141 of
18   the Crossclaim.

19   **FIFTH COUNT AGAINST GREKA AND VINTAGE**

20   142.  In response to Paragraph 142 of the Crossclaim, GREKA
21   repeats and reallages its responses to Paragraphs 60 through 141 of the
22   Crossclaim as if fully set forth herein.

23   143.  GREKA denies the allegations contained in Paragraph 143 of
24   the Crossclaim.

25   144.  GREKA denies the allegations contained in Paragraph 144 of
26   the Crossclaim.

27   ///

28   ///

GREKA OIL & GAS, INC.'S ANSWER TO CROSSCLAIM OF
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

## SIXTH COUNT AGAINST VINTANGE

145.  In response to Paragraph 145 of the Crossclaim, GREKA repeats and realleges its responses to Paragraphs 60 through 144 of the Crossclaim as if fully set forth herein.

146.  Paragraph 146 of the Crossclaim does not pertain to GREKA, and therefore, does not need to be specifically admitted or denied by GREKA.  To the extent that a response is required, GREKA denies the allegations contained in Paragraph 146 of the Crossclaim.

WHEREFORE, GREKA denies AISLIC is entitled to the relief requested in its Crossclaim, that the relief sought therein be summarily denied, and demands judgment dismissing the Crossclaim in its entirety, with prejudice, and for costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

147.  The Crossclaim fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

148.  The Crossclaim is barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

149.  The Crossclaim is barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

150.  The Crossclaim is barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

151.  The Crossclaim is barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

152.  The Crossclaim is barred by the applicable statute of limitations.

///

GREKA OIL & GAS, INC.'S ANSWER TO CROSSCLAIM OF
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

SHERNOFF BIDART DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

1
## SEVENTH AFFIRMATIVE DEFENSE

2      153.  The Crossclaim is barred by AISLIC's failure to mitigate

3  damages.

4
## EIGHTH AFFIRMATIVE DEFENSE

5      154.  GREKA incorporates by reference all applicable affirmative

6  defenses asserted in this action to the Crossclaim and reserves the right to

7  assert other affirmative defenses as additional information and

8  documentation becomes available to it.

9

10

11  Dated:  August 4, 2009                SHERNOFF BIDART

12                                        DARRAS ECHEVERRIA, LLP

13

14                                        By: _____

15                                        MICHAEL J. BIDART

16                                        RICARDO ECHEVERRIA

                                          Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

GREKA OIL & GAS, INC.'S ANSWER TO CROSSCLAIM OF
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

1

## DEMAND FOR JURY TRIAL

2      GREKA hereby demands a trial by jury on all issues triable to a jury in

3   this action.

4

5   Dated:  August 4, 2009                 SHERNOFF BIDART
                                           DARRAS ECHEVERRIA, LLP
6

7

8                                          By: _____

9                                              MICHAEL J. BIDART
                                               RICARDO ECHEVERRIA
10                                             Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -