MICHAEL J. BIDART #60582
RICARDO ECHEVERRIA #166049
STEVEN SCHUETZE #143778
STEVEN MESSNER #259606
**SHERNOFF BIDART DARRAS ECHEVERRIA, LLP**
600 South Indian Hill Boulevard
Claremont, CA 91711
Telephone: (909) 621-4935
Facsimile: (909) 625-6915

Attorneys for Defendants and Cross-Claimants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| VINTAGE PETROLEUM, LLC, a limited liability company under the law of the State of Delaware,<br><br>Plaintiff,<br>vs.<br><br>AMERICAN INTERNATIONAL SPECIALITY LINES INSURANCE, an Illinois Corporation; GREKA OIL & GAS, INC., A Colorado Corporation doing business under the laws of the State of California, DOES 1 through 20, inclusive,<br><br>Defendants.<br>_____<br>GREKA OIL & GAS, INC.,<br><br>Cross-Complainant,<br>vs. | Case No.: CV 09-02628-DDP-(SSx)<br>[Hon. Judge Dean D. Pregerson – Courtroom 3]<br><br>**JOINT REPORT RE FRCP 26(f) CONFERENCE OF THE PARTIES**<br><br>Rule 26(f) Conf: August 24, 2009<br>Scheduling Conf: September 14, 2009 |

- 1 -
JOINT REPORT RE FRCP 26(f) CONFERENCE OF THE PARTIES

| | |
|---|---|
| 1 2 3 4 5 | AMERICAN INTERNATIONAL SPECIALITY LINES INSURANCE, an Illinois Corporation; and, DOES 1 through 20, inclusive,<br><br>Cross-Defendants. |

TO THE COURT AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Pursuant to Federal Rule of Civil Procedure 26(f), the following is a report regarding the Conference of the Parties held on August 24, 2009, among Steven Schuetze, Esq. and Steven Messner, Esq., of Shernoff Bidart Darras Echeverria, LLP, on behalf of Defendant/Cross-Claimant GREKA OIL & GAS, INC. ("GREKA"), J. Gregory Lahr and Susan K. Sullivan, on behalf of Defendant/Counter-Claimant and Cross-Claimant AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY ("AISLIC"), Aaron Allan, Christopher Wollan, and Heather Skinazi, on behalf of Plaintiff VINTAGE PETROLEUM, LLC ("VINTAGE").

On the above date, the parties conferred to consider the nature and bases of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that is summarized below:

1. **NATURE AND BASIS OF CLAIMS AND DEFENSES**

   A. **Subject matter jurisdiction**: Pursuant to a stipulation of the parties, including a waiver of the forum defendant rule embodied in 28 U.S.C. section 1441(b), and a Court order entered in this action on May 14, 2009, subject matter jurisdiction exists for this removed diversity action

based on diversity of citizenship and the amount in controversy at all times exceeding $75,000.00. In addition, the parties agreed, and the Court ordered that California substantive law will apply to all claims, cross-claims and counterclaims in this action.

**B.    Concise statement of factual and legal basis of the claims and defenses:**

**(1) VINTAGE's Statement:**

In 2001-2002, VINTAGE sold substantially all of its California assets to GREKA. As part of the asset sale agreement ("ASA"), GREKA agreed to take over the responsibility for cleaning up environmental contamination at the assets and further agreed to purchase insurance to secure the performance of that obligation by naming VINTAGE as an additional insured. Pursuant to this agreement embodied in the ASA, GREKA purchased an insurance policy from defendant AISLIC (the "Policy"). The Policy provided coverage during the period of June 26, 2002, through June 26, 2007 (the "Policy Period").

The Policy provides coverage for both "cleanup costs" for pollution discovered during the Policy Period, and "loss" in the form of awards or settlements that the insured becomes obligated to pay as a result of claims made and reported to AISLIC during the Policy Period.

On August 5, 2004, VINTAGE and GREKA were sued by two of the owners of leases that had been assigned by VINTAGE to GREKA pursuant to the ASA (the "Wells Fargo Suit"). VINTAGE tendered the Wells Fargo Suit to AISLIC on February 8, 2005. AISLIC acknowledged receipt of the tender and agreed to pay defense costs to VINTAGE. Subsequently, VINTAGE tendered three additional claims to AISLIC during the Policy

Period (and in one case during the "Extended Reporting Period" provided for in the Policy).

VINTAGE ultimately settled its liability in the WELLS FARGO SUIT, and part of the settlement requires VINTAGE to perform certain environmental remediation at the leases that were a subject of the WELLS FARGO SUIT (the "Settlement"). Prior to finalizing the Settlement, VINTAGE communicated the terms of the Settlement to both AISLIC and GREKA. Neither AISLIC nor GREKA objected to the terms of VINTAGE's Settlement.

VINTAGE has sought indemnification from AISLIC with respect to the Settlement and with respect to the three additional claims that VINTAGE tendered to AISLIC. AISLIC has denied VINTAGE's right to obtain such indemnification. VINTAGE seeks a declaration of its right to coverage under the Policy for such Settlement and additional claims.

**(2) GREKA's Statement:**

This action arises from VINTAGE's sale of oil and gas leases known as Cat Canyon Leases and Clark Avenue Field to GREKA, and a dispute over the responsibility for pollution and clean-up of said property. As a result of the disputes arising from the oil and gas leases, GREKA was sued in two separate underlying actions by trustees in both the Cat Canyon and Clark Avenue Leases.

**Cat Canyon:**

GREKA was sued in an underlying action by two of the trustees in the Cat Canyon Property leases (hereinafter "Wells Action"). The trustees sought (a) damages and other relief associated with environmental contamination on the Cat Canyon Property; and, (b) termination of the leases for failure to remedy several defaults under the terms of the lease. GREKA tendered the Wells Action to its insurer, AISLIC, for defense and

1  AISLIC accepted the defense of its insured. The Wells Action went to trial
2  and resulted in a verdict against GREKA and approximately $1.4 million in
3  defense fees and costs.

4  **Clark Avenue:**

5  GREKA was sued in an underlying action by two of the trustees in the
6  Clark Avenue leases (hereinafter "Basin Action"). The trustees asserted
7  quiet title claims, damages for breach of contract, nuisance and trespass,
8  as well as a claim for injunctive relief seeking abatement of the alleged
9  nuisance. A settlement was reached in the Basin Action and GREKA
10 submitted defense fees and costs to AISLIC for reimbursement totaling
11 $214,123.
12 GREKA contends that AISLIC is obligated to indemnify GREKA under
13 the terms of its insurance policies. GREKA further contends that AISLIC
14 owes GREKA a duty of good faith and fair dealing and owed a duty to
15 defend in both the Wells Action and Basin Action. GREKA contends
16 AISLIC has failed to reimburse defense fees and costs which are due to
17 GREKA under the policy.
18
19 **(3) AISLIC's Statement**
20 This insurance coverage action arises out of Greka's unauthorized
21 leasing and operation of oil and gas fields in Santa Barbara County
22 (referred to as the "Cat Canyon Property") beginning on or around July
23 2002. Greka and Vintage entered into an asset sale agreement which
24 assigned the leases to the Cat Canyon Property from Vintage to Greka
25 despite failing to obtain the necessary consents from the owners and
26 trustees of the Cat Canyon Property, including Wells Fargo and Union
27 Bank. Upon the unauthorized transfer of the leases, Greka promptly began
28 to extract oil and gas from the property.

1   As a result of the assignment, Wells Fargo and Union Bank
2   commenced an action against Greka and Vintage in August 2004 entitled
3   <u>Wells Fargo Bank, N.A. v. Vintage Petroleum, Inc.</u>, in the Superior Court of
4   California, County of Santa Barbara, Case No. 1155864 ("Underlying
5   Action"), to terminate the leases and remove Greka from the Cat Canyon
6   Property. Greka and Vintage separately settled with Wells Fargo and
7   Union Bank in August 2008, on terms that, *inter alia*, required: (1) a $7.1
8   million payment by Vintage, (2) a $5 million payment by Greka, (3) the
9   termination of the leases between Vintage and Greka, and (4) the removal
10  of Greka from the Cat Canyon Property. The Vintage and Greka
11  settlement payments compensated Wells Fargo and Union Bank for
12  Greka's wrongful conversion of oil and gas during the six-year period that it
13  occupied the Cat Canyon Property.
14  When Greka and Vintage were sued in the Underlying Action, both
15  entities sought coverage under the AISLIC policy. The policy provides
16  coverage for the clean up of pre-existing and/or new pollution conditions on
17  the Cat Canyon Property, and indemnity for property damage resulting from
18  pollution conditions on or under the Property. Because the Underlying
19  Action peripherally involved allegations of contamination on the Cat
20  Canyon Property, AISLIC accepted coverage for Greka and Vintage under
21  a reservation of rights. AISLIC provided a full defense of Greka and
22  Vintage in the Underlying Action, including complete reimbursement of all
23  reasonable and pertinent defense fees and costs. The allegations of
24  environmental contamination ultimately were withdrawn by Wells Fargo and
25  Union Bank and, therefore, the Vintage and Greka settlement payments did
26  not involve reimbursement for pollution conditions. As such, AISLIC did not
27  indemnify Vintage and Greka for those settlements. In fact, Vintage did not
28  seek reimbursement from AISLIC for its settlement payment.

During the course of the Underlying Action, AISLIC learned that Greka misrepresented and failed to disclose information to AISLIC relating to existing pollution conditions on the Cat Canyon Property. Consequently, AISLIC seeks to rescind the AISLIC policy.

With respect to the Basin Partners Action, AISLIC provided a defense to Greka and Vintage, and is unaware of any outstanding covered defense costs that were not reimbursed.

**C.  Estimate of court days required to present case-in-chief.**

The parties estimate 7-10 court days for the trying of this matter.

**D.  Jury or non-jury trial.**  All parties have requested a jury trial.

**E.  Trial counsel.**

Patricia Glaser and/or Terry Avchen will be lead trial counsel for VINTAGE.

Michael J. Bidart and/or Ricardo Echeverria will be lead trial counsel for GREKA.

Gregory Lahr and/or Susan Sullivan will be lead trial counsel for AISLIC.

## 2.  SETTLEMENT

In accordance with FRCP 16(c), the parties elect to participate and use the following special procedures to assist in resolving the dispute as authorized by statute or local rule:

**A.**  The parties select Settlement Procedure <u>No. 3</u> [Non-judicial dispute resolution proceeding (Local Rule 16-14)]

**B.**  The parties plan to conduct settlement discussions and will participate in at least one mediation session.  With respect to prospects of

settlement and proposed date of compliance with Local Rule 16-14, some issues, including of defense fees incurred, will likely be resolved informally between the parties prior to conducting discovery. For example, AISLIC has agreed to pay any outstanding attorney fees reasonably and necessarily incurred once GREKA sends information regarding these fees to AISLIC.

The remainder of the claims between the parties will require some initial discovery in order to properly value the case and discuss settlement. On the assumption that the pretrial conference and trial dates will be set reasonably close to the dates requested, the parties suggest 45 days before the Pre-Trial Conference as a deadline for compliance with Local Rule 23 (Mandatory Settlement Procedures).

### 3. FRCP 26(a) – DISCLOSURES

**A.   Initial Disclosures:** The parties agree that no changes shall be made to the timing, form, or requirement for disclosures under Rule 26(a)(1), except that initial disclosures will be exchanged by **SEPTEMBER 30, 2009**.

**B.   Expert Disclosures:** The parties agree that expert witness disclosure will be conducted pursuant to FRCP 26(a)(2).

### 4. DISCOVERY PLAN

**A.   The parties believe that the subjects on which discovery may be needed are:**

(1) <u>Per GREKA</u>: Subject to receiving the claim file in this matter from Defendant AISLIC, GREKA anticipates taking the depositions:

1   As to <u>AISLIC</u>:
2       The person most knowledgeable regarding the investigation
3       and evaluation of GREKA's claim; person most knowledgeable
4       regarding the acceptance of GREKA's defense; person most
5       knowledgeable regarding AISLIC's rescission of the policy;
6       person most knowledgeable regarding coverage defense; and
7       person most knowledgeable regarding indemnity defense.
8
9   GREKA also intends to propound multiple sets of Special
10  Interrogatories, Requests for Admissions, and Requests for Production of
11  Documents; and serve multiple subpoenas for the production of records
12  from various third party custodians of record.
13
14  **(2)   <u>Per AISLIC</u>**
15  AISLIC intends to depose any Greka employees involved in procuring
16  the AISLIC Policy, as well as employees who were involved in negotiating
17  the asset sale agreement for the Cat Canyon Property or otherwise had
18  knowledge of the conditions of the Cat Canyon Property before the AISLIC
19  Policy was issued.  AISLIC also intends to depose a Vintage representative
20  with knowledge of the Cat Canyon Property.  AISLIC expects to take
21  depositions of non-party fact witnesses, including without limitation Greka's
22  insurance broker, and representatives of Wells Fargo and/or Union Bank.
23  AISLIC intends to propound at least one set of Special Interrogatories,
24  Requests for Admissions, and Requests for Production of Documents, and
25  serve subpoenas for the production of records from various third party
26  custodians of record.
27
28

**(3) Per VINTAGE**

VINTAGE intends to take the deposition of any AISLIC personnel involved in negotiating the terms and conditions of the Policy, involved in claims handling with respect to the Policy, or involved in making coverage decisions with respect to the claims tendered by VINTAGE. VINTAGE also intends to propound at least one set of Special Interrogatories, Requests for Admissions, and Requests for Production of Documents to AISLIC. VINTAGE does not currently anticipate taking any discovery from GREKA, but VINTAGE reserves the right to take such discovery at any time prior to the cutoff date set by the Court.

**B.** The parties agree that Discovery should not be conducted in phases.

**C.** The parties agree that no changes should be made in the limitations on Discovery imposed by the FRCP or by local rule, and that no other limitations on Discovery should be imposed. However, all parties reserve their right to seek modifications to the limitations on Discovery imposed by the FRCP and by local rule based on information obtained through Discovery.

**D.** The parties anticipate that they will be better able to formulate and simplify the issues and eliminate any frivolous claims or defenses prior to the date set for trial.

**E.** The parties anticipate that they will be better able to obtain admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings

from the court on the admissibility of evidence, during discovery and prior to the date set for trial.

**F.**   No major procedural or evidentiary problems are currently anticipated by the parties.

**G.**   The parties agree that this case should not be deemed complex and that there is no need to utilize any of the procedures of the Manual For Complex Litigation (current edition).

**H.**   The parties agreed to take appropriate steps to preserve all discoverable information, including e-mails and other electronically stored information.

**I.**   Pursuant to Local Rule 16-5, exhibits shall be identified, numbered, and listed in numerical order, including those exhibits identified and numbered during depositions.

**J.**   The parties agree that the Court should enter a scheduling order that limits the time for:

(1) Rule 16(b) - **Joining other parties and amending the pleadings:**
The parties agree and propose **February 28, 2010**, as the last day to file motions for such relief;

1  (2) Rule 16(b) - **Filing motions:** The parties agree and propose that
2  all in limine motions be set for hearing no later than 20 days before
3  the Pre-Trial Conference.

5  (3) Rule 16(b) - **Completing Discovery:** As this matter is currently in
6  the preliminary stages of discovery, it is requested that adequate time
7  be allowed for the discovery stage as many of the suggested
8  deponents are out of state.
9  The parties anticipate that discovery should be completed ten (10)
10 weeks prior to the Trial Date.

12 (4) Rule 16(b) - **Last day for hearing motions:** Nine (9) weeks prior
13 to Trial date. The parties contemplate that cross motions for
14 summary judgment will be filed by the parties and will coordinate with
15 one another concerning an agreed briefing schedule. The parties
16 stipulate that all motions for summary judgment <u>should be filed</u> no
17 later than **June 30, 2010**.

19 (5) Rule 16(b) - **Last date to conduct Settlement Conference:**
20 Eight (8) weeks prior to Trial Date.

22 (6) Rule 16(b) - **Lodge Pretrial Conf Order; File Memo of**
23 **Contentions of Fact and Law; Exhibit & Witness Lists; Filed**
24 **Status Report re Settlement; File Agreed Upon set of Jury**
25 **Instructions and Verdict Forms; File Joint Statement re Disputed**
26 **Instructions, Verdicts, etc. ; Proposed Voir Dire Questions**
27 **Lodged and Agreed-to Statement of the Case:** Four (4) weeks
28 prior to Trial Date.

1   (7) Rule 16(b) – **Motions in Limine to be filed:** Six (6) weeks prior to
2   Trial Date.

4   (8) Rule 16(b) - **File Finding of Fact and Conclusions of Law;**
5   **Hearing on Motions in Limine; and Hearing Disputed Jury**
6   **Instructions:** One (1) week prior to Trial Date.

8   (9) Rule 16(b) - **Setting Pre-trial Conference and Trial dates:** The
9   parties agree that the Pre-trial Conference (PTC) should be set for a
10  date in **September 2010** and TRIAL should be set for a date in
11  **October 2010**.

13  DATED: September 6, 2009        SHERNOFF BIDART
                                    DARRAS ECHEVERRIA, LLP

                                    By: _____
                                    MICHAEL J. BIDART
                                    RICARDO ECHEVERRIA
                                    Attorneys for GREKA OIL & GAS,
                                    INC.

20  DATED: September 8, 2009        SEDGWICK, DETERT, MORAN
                                    & ARNOLD, LLP

                                    By: _____
                                    J. GREGORY LAHR
                                    SUSAN KOEHLER SULLIVAN
                                    Attorneys for AMERICAN
                                    INTERNATIONAL SPECIALTY
                                    LINES INSURANCE COMPANY

1  DATED: September 8, 2009    GLASER, WEIL, FINK, JACOBS,
2                                HOWARD & SHAPIRO, LLP
3                                By: _____
4                                   AARON P. ALLAN
5                                   CHRISTOPHER WOLLAN
                                   Attorneys for VINTAGE
6                                   PETROLEUM, LLC